## BRIGGS ET AL. *v.* GARNER.

CONTINUANCE.—*Absent Witness.—Affidavit.—Continuance for Absence of Witness whose Deposition is on File.*—Where the deposition of a witness, residing in a county beyond those adjoining that where the cause in which it was taken to be used is pending, is on file, an affidavit for the continuance of such cause on account of the absence of such witness, which discloses no reason for the retaking of his deposition or for his personal presence at such trial, is not sufficient.

SAME.— *Witness Residing in Adjoining County.*—Where a competent witness to material issues in an action is prevented from attending upon the trial thereof by any unavoidable and sufficient cause, the fact that he resides in a county adjoining that where such cause is pending, and that he was not subpœnaed and fees tendered him until the day prior to that on which such cause is to be tried, though in time to enable his attendance but for such cause, is no reason for refusing a continuance of such action, if an affidavit, sufficient as to other necessary allegations, be duly filed.

From the Warren Circuit Court.

*M. Mitford,* for appellants.

*J. McCabe,* for appellee.

PERKINS, J.—Action upon a promissory note not governed by the law merchant. The action was commenced on the 16th day of March, 1874.

The defence pleaded was a failure of consideration, in this; that the note was given for the last instalment of the price of two stallions, that false and fraudulent representations were made as to the pedigree of said stallions, etc., and that the prior instalments of price had been paid. Reply in denial.

The defendants procured a continuance, at the April term, 1874.

On the first day of the September term, 1874, on motion of the defendants, depositions taken by them were published.

On the eleventh day of said September term, being the day on which the cause was set for trial, the defendants applied for a continuance to the next succeeding term of the court, which application was overruled, the cause thereupon tried by jury, resulting in a verdict and judgment, over a motion for a new trial, for the plaintiff.

The refusal by the court to grant the continuance is the only error insisted on in argument in this court.

The continuance was asked to enable the defendants to obtain the testimony of three witnesses, two of them residing in Hendricks county, Indiana, and one of them in Fountain county, Indiana. As to the two witnessess in Hendricks county, the affidavit for a continuance shows that the defendants had taken the depositions of those witnesses, that they were on file, and discloses no reason why it was necessary to retake them, or to procure the personal attendance of said witnesses.

As to the witness residing in Fountain county, adjoining the county of Warren, in which the cause was pending, this affidavit was filed:

"The defendant Demetrius Lower swears that he served the subpœna herewith presented, marked 'B,' and hereby made part,—served by reading the same to Samuel Fields

on the 17th day of September, 1874, at 10 o'clock a. m., at his residence in Fountain county, Indiana, distant some eight miles from this place, and tendered him two dollars and fifty cents, his full fees as witness. The said Samuel Fields is sick in bed and confined thereto, and is physically incapable of attending this court now. That these defendants expect to prove by said Fields that one of the stallions, for which the note in suit was given, was not sired by the thorough-bred horse, Lexington, and that if he had been so sired he would be worth at least one thousand dollars more than he is now. That said facts are true. That defendants can not prove said facts by any other witness whose testimony can be as readily procured. That the absence of said witness has not been procured by the act or connivance of these defendants, nor by others at their request, nor with their knowledge or consent. That said witness resides in Fountain county, Indiana, and his evidence can be procured, if this cause is continued a reasonable time, to wit, until the next term of this court, as can all the evidence herein referred to. That said witness is a competent and material witness for defendant herein. That the continuance is asked, not for delay, but for the furtherance of justice," etc.

The defendants had to prove two facts, at least, to make out their defence on the trial;

First. That the representations alleged were made on the sale of the stallions;

Second. That they were false and influenced the amount of the consideration promised to be paid for the horses.

They could prove the first fact by themselves, as appears in another part of the record. According to the affidavit, the testimony of Fields would tend to prove the falsity of the representations, if made. It appeared to be material. He was subpœnaed in time to enable him to be present at the trial, and a fee tendered. His absence appears to have been occasioned alone by his sickness. Sub-

pœnaing him at an earlier day would not have prevented his sickness; at least we can not know, judicially, that it would.

The court erred in refusing the continuance.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Petition for a rehearing overruled.